UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IKIKO BROWN, 10-B-3588,

                            Plaintiff,

              -vs-

CORRECTIONS OFFICER DODGE, et al.,

                            Defendants.

DECISION AND ORDER

18-CV-6491 (CJS)

*Pro se* Plaintiff Ikiko K. Brown ("Brown" or "Plaintiff") brought this action for civil rights violations pursuant to 42 U.S.C. § 1983 against defendants Officer J. Dodge ("CO Dodge"), Officer M. Harsch ("CO Harsch"), and Officer K. Rosplock ("CO Rosplock"). Compl., July 3, 2018, ECF No. 1. Plaintiff subsequently amended his complaint to add Commissioner Anthony J. Annucci ("the Commissioner") as a defendant (collectively, "Defendants"). Amendment to Compl., November 19, 2018, ECF No. 5. Plaintiff alleges 1) a violation of his Eighth Amendment right against cruel and unusual punishment through CO Dodge's use of excessive force, 2) failure to protect/deliberate indifference by CO Harsch and CO Rosplock, and 3) that the Commissioner is "legally responsible for the overall operation of the Department and each institution under its jurisdiction," all in connection with a physical altercation involving prison officials at Wende Correctional Facility ("Wende") on September 12, 2015 (the "2015 Altercation"). Compl. at 5, 7; Amendment to Compl. at 2.[1]

---

[1] Plaintiff initially brought claims for deliberate indifference regarding his medical treatment after the 2015 Altercation, as well. However, this Court granted summary judgment against these claims in a prior decision and order. *See* Decision and Order, November 18, 2020, ECF No. 17.

1

Presently before the Court is Defendants' motion for summary judgment against these claims. Def. Motion for Summary Judgment, June 14, 2022, ECF No. 31. Defendants argue that Plaintiff is barred from relitigating their use of force during the 2015 Altercation because 1) a previous hearing with prison officials found that he committed multiple violations resulting in the loss of good time credit, and 2) admissions in Plaintiff's deposition testimony indicate he was properly treated after his initial restraint. Def. Mem. at 3, June 14, 2022, ECF No. 31-4. Plaintiff filed his opposition papers on July 5, 2022. Pl. Opp'n, July 5, 2022, ECF No. 33.[2] Defendants replied on July 18, 2022. Def. Reply, July 18, 2022, ECF No. 34. For the reasons stated below, the Court denies Defendants' motion for summary judgment.

## BACKGROUND[3]

On September 12, 2015, Plaintiff attended a religious event in the Wende gym. Pl. Opp'n at 22. He alleges that, while standing in an administrative office discussing a gym program with a civilian aid, CO Dodge aggressively yelled at him for being in the office. *Id*. After the event, while he was being frisked before returning to his cell, Plaintiff alleges

---

[2] Plaintiff's opposition materials include his affirmation with exhibits A-G, "Affirmation in Support of Disputed Facts," memorandum of law, and "Statement of Material Facts to be Tried at Trial." *See generally*, Pl. Opp'n All of these materials were electronically filed as a part of the same document. To avoid confusion as to which page of which document is being referred to, pin citations to text within the opposition materials are made to the ECF page that the text appears on (pages 1-35).

[3] On a motion for summary judgment, the court construes the facts in the light most favorable to the non-moving party. *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011). The following material facts are taken from Defendants' Statement of Material Facts, June 14, 2022, ECF No. 31-1, and Plaintiff's various filings within his opposition papers, *see* Pl. Opp'n Plaintiff's responses to Defendants' factual assertions generally fail to meet the requirements of Local Rule 56 by failing to respond to each specific paragraph of Defendants' Statement of Undisputed Facts. *See* Loc. R. 56. However, considering Plaintiff's *pro se* status, the Court will still consider the substance of Plaintiff's arguments based on the supporting allegations it has gathered from his collective opposition material. *See Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009) ("[W]here a *pro se* plaintiff fails to submit a proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions."). These facts are construed in the light most favorable to Plaintiff.

that CO Dodge returned and beat him without provocation. *Id*. CO Harsch and CO Rosplock allegedly allowed the beating for some time before joining in themselves. *Id*. at 25. Plaintiff purportedly filed a grievance regarding the 2015 Altercation with Wende, which was denied. *Id*. at 23, 24. Plaintiff stated in his deposition that, after he was beaten, he was taken away for medical treatment without further incident. Def. Statement of Material Facts ¶ 6.

Contrary to Plaintiff's rendition of the 2015 Altercation, Defendants claim that Plaintiff attacked CO Dodge without provocation, that the subsequent use of force was reasonable, and that no force was used after Plaintiff was handcuffed. *Id*. ¶¶ 5, 6. Wende officials issued Plaintiff a misbehavior report for his role in the 2015 Altercation, alleging Assault on Staff, Violent Conduct, Creating a Disturbance, Disobeying a Direct Order, and Search/Frisk Procedure violations. *Id*. ¶ 1. On October 16, 2015, a disciplinary hearing was held where Plaintiff was allowed to put on witnesses and present evidence of what happened (the "Disciplinary Hearing"). *Id*. ¶ 2; *see also* Deutsch Decl. at 53, 54, June 14, 2022, ECF No. 31-3.[4] The hearing officer concluded that Plaintiff committed the alleged violations. Deutsch Decl. at 54. The hearing disposition, however, does not include a detailed discussion of the hearing officer's findings of fact. *See generally id*.

After purportedly exhausting his administrative remedies, Plaintiff brought the instant action against Defendants alleging that CO Dodge violated his Eighth Amendment right against cruel and unusual punishment through his use of excessive force, CO Harsch and CO Rosplock failed to protect against and were deliberately indifferent to this

---

[4] Defendants electronically filed the Deutsch Declaration with its exhibits included in the same document. Some of these exhibits include repeated page numbers. To avoid confusion, pin citations to material within the Deutsch Declaration's exhibits are made to the ECF page on which they appear (pages 1-179).

3

violation, and the Commissioner is liable due to his overseeing of the department. Compl. at 5, 7; Amendment to Compl. at 2. Defendants now move for summary judgment, arguing that the findings from the Disciplinary Hearing and Plaintiff's deposition testimony bar all claims based on the 2015 Altercation. Def. Mem. at 3, 4. However, despite this evidence, there remains a reasonable dispute of fact as to whether Plaintiff's Eighth Amendment rights were violated.

## SUMMARY JUDGMENT STANDARD

It is well-settled that summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). A party moving for summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Moreover, "[a] party asserting that a fact cannot be . . . genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1).

Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Id.* at 249. The non-movant cannot oppose a properly supported summary judgment motion with bald assertions that are not supported by the record. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999), *as amended on denial of reh'g* (Dec. 22, 1999). Rather, the non-movant must support its assertion that a fact is genuinely disputed by citing to

4

particular parts of the record, or showing that the materials cited by the movant are inadmissible or do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1).

Under *Irby v. New York City Transportation Authority*, 262 F.3d 412 (2d Cir. 2001), unless the opposing party has already provided the *pro se* litigant with the requisite notice, the court is obligated to inform him that failure to respond to a motion for summary judgment may result in the grant of judgment for the party seeking summary judgment and dismissal of the case. Moreover, when a litigant is *pro se*, his pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the *pro se* litigant must still establish the existence of a genuine issue of material fact to survive a motion for summary judgment; the *pro se* party's "bald assertion," when unsupported by evidence, is insufficient. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995).

Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon*, 988 F.2d at 308. Courts must view the underlying facts contained in affidavits, attached exhibits, and depositions, in the light most favorable to the non-moving party. *Bd. of Educ. v. Earls*, 536 U.S. 822, 849 (2002).

## DISCUSSION

Defendants argue that Plaintiff is estopped from asserting his excessive force claim because the Disciplinary Hearing established that he struck CO Dodge first, causing the 2015 Altercation. *See* Def. Mem. at 3; Deutsch Decl. at 53, 54. While the Disciplinary

Hearing's findings do indicate Plaintiff committed the enumerated violations, this alone is insufficient to bar Plaintiff's claim. The remaining deposition testimony offered by Defendants, purportedly as an admission that no force was used after Plaintiff's restraint during the 2015 Altercation, is reasonably disputable. According, Defendants' summary judgment motion is denied.

The Second Circuit has held that a plaintiff may not assert an excessive force claim that is necessarily inconsistent with the findings of any underlying criminal conviction against them. *Shapard v. Attea*, 710 F. App'x 15, 17 (2d Cir. 2017) ("Under *Heck*, a claim that, if successful, would 'necessarily imply the invalidity' of the plaintiff's prior state conviction is 'not cognizable under § 1983' unless that conviction has already been invalidated.") (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). "Courts in this Circuit have applied the rule established in *Shapard* to cases involving disciplinary hearings that resulted in a loss of good-time credits." *Balkum v. Leonard*, No. 6:14-CV-06352 EAW, 2020 WL 372914, at *2 (W.D.N.Y. Jan. 23, 2020) (collecting cases).

However, an excessive force claim is only barred when the claim's "favorable adjudication would . . . 'necessarily imply the invalidity' of [the] prior . . . conviction." *Shapard*, 710 F. App'x at 17-18 (finding that the plaintiff's excessive force claims "[did] not depend on the invalidity of his assault conviction," therefore the "claim of excessive force [could] be reconciled with [the assault conviction], and [was] therefore not barred by *Heck*."). When a § 1983 claim does not necessarily imply the invalidity of the underlying conviction, a plaintiff is only estopped from asserting the facts that are irreconcilable with the conviction. *See Balkum*, 2020 WL 372914, at *3 (granting motion *in limine* "prohibit[ing] [p]laintiff from testifying that [d]efendants were the initial aggressors or that

6

[p]laintiff was acting in self-defense," but not barring the plaintiff "from testifying as to [d]efendants' use of force after the initial confrontation."); *Head v. Ebert*, No. 6:14-CV-06546 EAW, 2019 WL 1316978, at *8 (W.D.N.Y. Mar. 22, 2019) (only excessive force claims that are "necessarily incompatible with the outcome of [the] disciplinary hearing" are barred under *Shapard*).

Here, it cannot be reasonably disputed that Plaintiff was found guilty of "violent conduct," "creating a disturbance," "assault on staff," "refusing a direct order," and "refusing search or frisk" violations at the Disciplinary Hearing. *See* Deutsch Decl. at 54. It also cannot be reasonably disputed that this resulted in Plaintiff losing good time credit. *See id*. at 1 ¶ 5, 7 (showing recommendation of good time loss and affirming that this time was never restored); *Balkum*, 2020 WL 372914, at *1 (rejecting argument that the plaintiff's "12-month loss of good-time credit was only a recommendation, and that the loss of that good time had been subsequently restored," where the plaintiff "did not have documents in his possession showing as much" and "counsel for Defendants submitted documents and affidavits showing that the recommended 12-month loss of good time was implemented and never overturned or reversed."). Accordingly, any excessive force claim that is "necessarily incompatible" with the Disciplinary Hearing's findings would be barred. *Head*, 2019 WL 1316978, at *8.

Here, however, it is unclear whether Plaintiff's claims are incompatible with the Disciplinary Hearing because the hearing's holding does not specify what facts had been found. The hearing transcript clearly delineates what part of the transcript is the hearing officer's "disposition." *See* Deutsch Decl. at 54. The disposition also only generically states what violations it found Plaintiff guilty of and what sources of evidence it based this

7

holding on. *Id*. (basing holding on the misbehavior report, Plaintiff's witnesses' testimony, and Plaintiff's personal testimony, but failing to state what specific facts from these sources the holding was based on). Defendants fail to even state generically what the elements of the alleged violations were. *See generally* Def. Mem. at 1-5. Even if they did, convictions on these violations do not necessarily mean that there was no excessive force used *after* Plaintiff committed these offenses. *See Shapard*, 710 F. App'x at 18 (excessive force claims not barred because "the use of force applied by the officers would have been excessive even if [the plaintiff] had" committed the underlying violations). Therefore, a favorable ruling on Plaintiff's excessive force claim here would not "necessarily imply the invalidity" of the Disciplinary Hearing. *Heck*, 512 U.S. at 487.

In anticipation of this issue, Defendants argue that Plaintiff admitted in his deposition that he was "properly escorted" to the hospital after the 2015 Altercation. *See* Def. Mem. at 4. This, they claim, supplements any shortcomings in the Disciplinary Hearing holding by establishing that no excessive force was used after Plaintiff's violations. *Id*. This is an unreasonable interpretation of Plaintiff's deposition. The portion of the deposition transcript Defendants rely upon states:

> Q. I'm not sure I asked you this. You said that following the assault, you allege someone handcuffed you. Who handcuffed you?
> A. I don't remember. I just got beat up. I just got assaulted. I don't remember. Again, I'd be lying if I gave you an officer's name. I don't remember, no. I just know that I was properly escorted out from the corridor area into the hospital. I was handcuffed. I don't know who did it.
> Q. Okay. When you say properly, that means that you were handcuffed and escorted to the infirmary, and nothing happened along that escort. Is that fair?
> A. No, thank God.

A plain reading of this testimony clearly shows that there remains a reasonable dispute as to whether Defendants used excessive force against Plaintiff. The testimony

8

above is merely an admission that, at some point after being placed in handcuffs and "assaulted," Plaintiff was escorted to the hospital without any further use of force. A reasonable juror could conclude that, after committing the violations outlined in the Disciplinary Hearing, Plaintiff was subjected to excessive force *and then* escorted to the hospital without further incident.

Accordingly, Defendants have failed to demonstrate that the Disciplinary Hearing and Plaintiff's deposition testimony leave no dispute of material fact as to whether Defendants violated Plaintiff's Eighth Amendment rights. Therefore, Defendants' summary judgment motion is denied.[5]

## CONCLUSION

Consistent with the foregoing, it is hereby, ORDERED that Defendants' motion for summary judgment [ECF No. 31] is denied. Counsel for Defendants is directed to provide the Court with a brief status report no later than May 15, 2023 indicating whether this case is ready for trial.

SO ORDERED.

DATED:   April 21, 2023
         Rochester, New York

                                                                    CHARLES J. SIRAGUSA
                                                                    UNITED STATES DISTRICT JUDGE

---

[5] Because Defendants' motion fails on the merits, this Court does not reach Plaintiff's Rule 56(d) argument regarding his alleged discovery issues. *See* Pl. Opp'n at 29.